# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4717-17T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.D.E.,[1]

      Defendant-Appellant.

_____

Submitted January 8, 2020 – Decided January 24, 2020

Before Judge Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 06-01-0109.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Nancy Philion Scharff, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] We use defendant's initials in accordance with R. 1:38-3(c)(11).

PER CURIAM

Defendant appeals from an April 20, 2018 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On January 11, 2006, defendant was charged with fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). He pleaded guilty to the charge based on a negotiated plea agreement. Pursuant to the plea agreement, the State recommended a five-year term of probation, conditioned upon "time served" as of the plea date, and that defendant be released on his own recognizance pending sentencing. Defendant was sentenced on February 17, 2006 in accordance with the plea agreement.

Defendant subsequently challenged the sentence and the matter was considered by an Excessive Sentence Oral Argument (ESOA) panel. In a January 11, 2007 order, the ESOA panel affirmed the sentence. Defendant filed a petition for certification which was denied on June 1, 2007. State v. Edwards, 192 N.J. 69 (2007).

Defendant filed his first PCR petition on August 26, 2007, arguing he would not have entered a guilty plea had he known the extent of his exposure to

a tier reclassification under Megan's Law.[2] The PCR judge denied defendant's petition in a February 22, 2008 order. Defendant appealed, and we remanded for the trial court to conduct an evidentiary hearing to determine whether defendant suffered prejudice as a result of trial counsel's failure to properly advise him of the collateral consequences of his guilty plea on his Megan's Law tier classification thus entitling defendant to withdraw his guilty plea. State v. R.E., No. A-4655-07 (App. Div. Dec. 4, 2009) (slip op. at 8-16).

Consistent with our remand, the PCR judge conducted an evidentiary hearing and, in a comprehensive written opinion, again denied defendant's petition. Defendant appealed and we affirmed. State v. R.E., No. A-3436-09 (App. Div. Feb. 3, 2012). Defendant's petition for certification was denied on September 7, 2012. State v. R.E., 212 N.J. 105 (2012).

On May 18, 2017, defendant filed a second PCR application.[3] The PCR judge considered oral and written arguments on that petition, rendered an oral

---

[2] In the 1980s, defendant was convicted of kidnapping and classified as a tier two offender under Megan's Law, N.J.S.A. 2C:7-1 to -23.

[3] While his second PCR petition was pending, defendant filed an appeal from a February 2, 2017 order regarding his Megan's Law reclassification. We affirmed the trial court's order reclassifying defendant as a tier three offender. In re Registrant R.D.E., No. A-3899-16 (App. Div. Sept. 27, 2017).

A-4717-17T4

opinion, and entered an April 20, 2018 order denying defendant's second PCR petition.

The PCR judge determined defendant's second petition was time barred under Rule 3:22-12(a) because it was filed on May 18, 2017, more than one year following the September 5, 2012 denial of his first PCR application. The judge concluded "defendant has provided no excuse for the delay in filing the petition, nor has he demonstrated any injustice that would require relaxing the time limits of Rule 3:22-12." The judge dismissed defendant's untimely petition in accordance with Rule 3:22-4(b).

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED BY FINDING THAT THE DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF WAS TIME BARRED WITHOUT PROVIDING HIM AN OPPORTUNITY TO SUBMIT EVIDENCE DEMONSTRATING AN EXCUSE OR THAT AN INJUSTICE HAD OCCURRED.

POINT II

THE PCR COURT'S OPINION FINDING THAT THE DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF WAS PROCEDURALLY BARRED VIOLATED DUE PROCESS AND THE FUNDAMENTAL FAIRNESS DOCTRINE.

POINT III

THE PCR COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT IN HIS FIRST PCR HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL FROM HIS PCR ATTORNEY AND APPELLATE COUNSEL.

A. FAILURE TO ADDRESS THE ISSUE OF THE MISLEADING INFORMATION REGARDING MEGAN'S LAW CONSEQUENCES DURING THE SENTENCING HEARING.

B. FAILURE OF PCR COUNSEL TO SEEK JUDGE SNYDER'S RECUSAL AND APPELLATE COUNSEL'S FAILURE TO RAISE THIS ISSUE IN THE PCR APPEAL.

C. FAILURE OF APPELLATE COUNSEL TO ARGUE DUE PROCESS DENIAL WHEN JUDGE SNYDER REFUSED TO PERMIT THE DEFENDANT TO TESTIFY DURING THE REMAND HEARING.

D. FAILURE OF PCR AND APPELLATE COUNSEL TO ARGUE THAT SLATER WAS NOT THE STANDARD TO BE APPLIED FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

Where a PCR court does not conduct an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)). We need not address defendant's

substantive arguments because we agree with the PCR judge that defendant's second petition is time barred under Rule 3:22-12(a)(2).

"[S]econd or subsequent petition[s] for post-conviction relief shall be dismissed unless . . . [they are] timely under Rule 3:22-12(a)(2)[.]" State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (fifth alteration in original) (quoting R. 3:22-4(b)). Rule 3:22-12 imposes strict time limits on the filing of a second PCR petition, requiring a defendant to file within one year of:

> the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2)(C).]

Here, defendant's second PCR petition was not filed within one year of the September 5, 2012 order denying his first petition. Defendant's second PCR petition was filed more than four years later in May 2017. The time bar under Rule 3:22-12(a)(2) may not be ignored or relaxed. Jackson, 454 N.J. Super. at 292-94; see also R. 1:3-4(c) ("Neither the parties not the court may . . . enlarge the time specified by . . . R. 3:22-12").

Having reviewed the record, defendant's second PCR petition was untimely and therefore properly dismissed consistent with Rule 3:22-4(b)(1). In

addition, an evidentiary hearing on defendant's second PCR application was not required under the circumstances.[4] See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted." (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997))). The remainder of defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

    Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] Defendant argued he required an evidentiary hearing to present his reasons for the late second PCR petition. However, defendant never submitted a certification explaining why the second application was not timely filed.

A-4717-17T4